In the Matter of the Estate of SARAH ADLER, Deceased. HENRY ADLER, Appellant; A. HALSEY COWAN et al., Respondents.— In a proceeding to determine the right of election of a surviving spouse, as against the provisions of a will, the decree of the Surrogate's Court, Kings County, determines that the election is limited as provided in paragraph (e) of subdivision 1 of section 18 of the Decedent Estate Law. Decree unanimously affirmed, with costs to respondents, payable out of the estate. No opinion. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

■

In the Matter of MICHAEL J. BARRY, Respondent, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Appellants.— The appeal is by the State Liquor Authority from an order granting petitioner's application to annul the said Authority's determination, which denied petitioner's application for a retail liquor store license for certain premises located in Verplanck, Westchester County, and directing the Authority to issue such license. Order reversed on the law, with $50 costs and disbursements, and the proceeding dismissed, without costs. In a previous similar proceeding this court made a like disposition with respect to an earlier determination by the Authority, denying the same application, but the Court of Appeals reversed this court's said decision, by a divided vote, annulled the Authority's said determination, and remitted the matter to the Authority for further proceedings not inconsistent with the views of the majority in that court, with respect to the making of a proper statement of reasons for the denial of license (*Matter of Barry* v. *O'Connell,* 277 App. Div. 882, revd. 303 N. Y. 46). After the said remission, the Authority caused a survey to be made of the Verplanck area, conducted what has been described as an " interview " with the petitioner and his attorneys, and then, in connection with again denying the application, wrote a lengthy statement setting forth the reasons for this denial. Thereafter, the Authority accepted from the petitioner sixteen affidavits, together with other papers, which affidavits were, in the main, made by residents of Verplanck, indicating that the location of a liquor store there would be convenient to them and other residents of Verplanck. The record does not disclose any matter which influences this court to change its original determination that the Authority did not act arbitrarily or capriciously in denying this application for a license, and we are of opinion that the Authority's statement of reasons for denial, which is presently under review, satisfies the direction given by the Court of Appeals when it remitted the matter for further proceedings, as above stated. Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ., concur.